**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

HAMZEH ALJAROSHIEH,          :
                                                     Civil Action No. 08-0385 (FSH)
        Petitioner,    :

        v.             :   **OPINION**

HACKENSACK DETENTION FACILITY,:
Warden,
et al.,                      :

        Respondents.   :

**APPEARANCES:**

| | |
|---|---|
| Petitioner pro se | Counsel for Respndents |
| Hamzeh Aljaroshieh | Peter G. O'Malley |
| LaSalle Detention Center | Assistant U.S. Attorney |
| P.O. Box 560 | 970 Broad Street, Suite 700 |
| Trout, LA 71371 | Newark, NJ 07102 |

**HOCHBERG**, District Judge

    Petitioner Hamzeh Aljaroshieh, a prisoner confined at the Bergen County Jail in Hackensack, New Jersey at the time he filed this Petition, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Warden of the Hackensack Detention Facility, the Director of the Bureau of Immigration and Customs Enforcement, and the Attorney General of the United States.

Based on the submissions of the parties, the Petition will be denied.

## I.   BACKGROUND

Petitioner describes himself as a Palestinian from the West Bank of Jordan.  Petitioner has been subject to a final order of removal since June 7, 2007.  He was taken into custody pursuant to that order on June 26, 2007.

On January 22, 2008, this Court received this Petition, dated January 20, 2008, in which Petitioner contends that his indefinite detention in lieu of removal is unlawful, citing Zadvydas v. Davis, 533 U.S. 678 (2001).

## II.   ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701.

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden. Compare Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); Lema v. U.S. I.N.S., 214 F.Supp.2d 1116, 1118 (W.D. Wash 2002), aff'd on other

grounds, 341 F.3d 853 (9th Cir. 2003) (where destination country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable").[2]

Here, Petitioner relies solely on the passage of time, alleging that there has been no clear indication from Jordan as to when travel papers will be issued, as the ground for his request for relief.  During the pendency of this action, however, the Kingdom of Jordan has issued travel papers and the government has scheduled Petitioner for removal on March 5, 2008.  Although this Court has not been advised whether the scheduled removal took place, Petitioner has not filed a Reply contesting the representations of the Respondents.  In any event, the issuance

---

[2] See also Kacanic v. Elwood, 2002 WL 31520362 (E.D. Pa. 2002) (passage of one year, coupled with inaction of foreign embassy and INS admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden); Khan v. Fasano, 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to refile petition in six months' time if his removal has not then been effectuated); Okwilagwe v. INS, 2002 WL 356758 (N.D. Texas March 1, 2002) (passage of eleven months without action by destination country sufficient to meet alien's burden, even where destination country orally promised travel documents "in a few days," but failed to provide them over period of two months).

of travel papers by the Kingdom of Jordan belies the argument that removal is not likely in the reasonably foreseeable future. Thus, continued detention is permitted under the rule of <u>Zadvydas</u>.  Petitioner is not entitled to relief.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


                                       <u>/s/ Faith S. Hochberg</u>
                                       United States District Judge

Dated:  May 22, 2008